UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SONDRA KRAUSE,<br><br>            Plaintiff,<br><br>    v.<br><br>GEORGIA-PACIFIC CORPORATION, a for profit Georgia corporation, and ERIC KING, JANE DOE KING, and the marital community comprised thereof,<br><br>            Defendants. | Case No.  C05-5809JKA<br><br>**ORDER** |

THIS MATTER comes before the court on the briefing submitted by the parties with regard to whether or not the case should be remanded to state court on the remaining claims. Plaintiff as requested reconsideration of the court's order dismissing the age discrimination claim. This case has been reassigned to the undersigned magistrate judge for the conduct of all proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) on the consent of the parties.

## PROCEDURAL BACKGROUND

As previously noted Plaintiff's complaint was filed with the Washington State Superior Court for Thurston County on or about September 15, 2005, alleging six causes of action:

    (i)  Age Discrimination;

    (ii)  Wrongful Retaliation/Disriminatory Harassment/Wrongful Termination;

    (iii)  Negligent Infliction of Emotional Distress

(iv) Breach of Contract (Promissory Estoppel), Negligent Supervision and Negligent Retention

(v) Voice Misappropriation and Fraudulent Misrepresentation/False Advertising; and

(vi) Wage Claim (RCW 49.52).

On December 19, 2005, Defendants filed a Notice of Removal of Civil Action with this court, stating this court was the court of proper jurisdiction due to the fact that the Complaint raised a question of federal law (Age Discrimination claim pursuant to 29 USC § 621, *et seq.*) pursuant to 28 USC § 1331, as well as 28 USC § 1441. Defendants filed a motion for summary judgment seeking dismissal of Plaintiff's complaint in its entirety. On April 11, 2007, the court granted dismissal of the federal age discrimination claim. The court concluded Defendants had presented sufficient evidence to prove Plaintiff was terminated from her job at Georgia Pacific for legitimate nondiscriminatory reasons and Plaintiff failed to introduce "specific, substantial evidence of pretext" sufficient to raise a genuine issue of material fact to preclude summary judgment and dismissal of the age discrimination claim(s). The court reserved ruling on the remaining state claims – a wage claim and a claim of retaliation, pending a decision on whether or not it would be appropriate to exercise supplemental jurisdiction over those causes of action.

## PENDENT OR SUPPLEMENT JURISDICTION

It is "within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court." Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir.1991). Further, it is generally preferable for a district court to remand remaining pendent claims to state court. Id. at 205.

Both parties argue that the court should retain jurisdiction over the remaining state claims. In addition, Plaintiff argues that her retaliation claim is based on both federal and state law, and thus original jurisdiction remains over that claim. After reviewing the briefs, the court will exercise its supplemental or pendent jurisdiction over the state wage and retaliation claims. The Complaint, which was originally filed in state court, does not precisely state whether or not the retaliation claim is based on federal laws. During oral argument, at one point Plaintiff stated that she was pursuing only age discrimination, retaliation, and her wage claim. The basis for the retaliation claim was not precisely stated. Construed in favor of the Plaintiff, the EEOC complaint and the Complaint filed in this case gave sufficient notice that the retaliation

claim would be based on both state and federal laws. Accordingly, the court will allow the case to proceed on both basis.

## GENERAL LEGAL STANDARD

Turning to the issue of summary judgment on these remaining claims the court will restated that summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In deciding whether to grant summary judgment, the court must view the record in the light most favorable to the nonmoving party and must indulge all inferences favorable to that party. Fed.R.Civ.P. 56(c) and (e). When a motion for summary judgment is made and supported as provided in Fed.R.Civ.P. 56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). If the nonmoving party does not so respond, summary judgment, if appropriate, shall be rendered against that party. Id.

## DISCUSSION

### A.   *Genuine Issues of Fact Remain on Plaintiff's Retaliation Claims*

"To establish a prima facie case of retaliation, an aggrieved employee must show that (1) he has engaged in statutorily protected expression; (2) he has suffered an adverse employment action; and (3) there is a causal link between the protected expression and the adverse action." EEOC v. Dinuba Med. Clinic, 222 F.3d 580, 586 (9th Cir.2000) (internal quotation marks omitted). Once a plaintiff establishes this prima facie case, the *McDonnell Douglas* burden shifting analysis applies. Ray v. Henderson, 217 F.3d 1234, 1240 (9th Cir.2000).

Similarly, under state law, to establish a prima facie case of retaliatory conduct, a plaintiff must show that (1) she engaged in statutorily protected activity and that (2) her employer took an adverse employment action against her in which (3) retaliation was a substantial motivating factor. Delahunty v. Cahoon, 66 Wash.App. 829, 840-41, 832 P.2d 1378 (1992)). If Plaintiff establishes a prima facie case of retaliation, the burden then shifts to the employer to produce admissible evidence of a legitimate reason for the discharge. Renz v. Spokane Eye Clinic, P.S., 114 Wash.App. 611, 618, 60 P.3d 106 (2002). If

Defendant meets this burden of production, the burden shifts back to the Plaintiff to create a genuine issue of fact that the legitimate reason is merely a pretext. <u>Renz</u>, 114 Wash.App. at 619, 60 P.3d 106.

At oral argument, Plaintiff stated that her retaliation claim was based on complaints of age discrimination. Plaintiff claims Defendant fired her in retaliation for her complaints to management about the harassing treatment, what she perceived as age discrimination, from her supervisor, Mr. Eric King. Defendant maintains Plaintiff never complained to the Human Resource department about age discrimination.

The evidence presents genuine issues of material fact regarding the retaliation claims. In her deposition and answers to interrogatories, Plaintiff stated her supervisor, Mr, King, "targeted" her soon after he began his job in March 2001, and she believed it was because of her age. Plaintiff states she complained to the Human Resources department, Kristi Boe, on several occasions about Mr. King's behavior towards her.. For instance the January 27, 2003 incident when Plaintiff went to Ms. Boe immediately following Mr. King's directive to Plaintiff to complete test questions with the expletive that her granddaughter could help Plaintiff complete the answers. On March 5, 2003, Plaintiff made Ms. Boe aware of Mr. King's threats of rescinding a corporate incentive award won by Plaintiff. On April 3, 2003, after Mr. King was interfering with a telephone conversation, Plaintiff complained to Kristi Boe, and asked her to join her in meeting with Scott White to further complain about the work environment created by Mr. King. As a result, Mr. White decided to send Mr. King home for the remainder of the day to investigate with the staff Mr. King's conduct. Approximately three to four weeks later, Mr. King was moved to a different office. On September 25, 2003, Plaintiff informed Ms. Boe that Mr. King has used her e-mail account to contact customers. Plaintiff specifically states she wrote a letter to Ms. Boe, arguing Mr. King's behavior has not changed after promises of counseling from management, and arguing that Mr. King did not want her to succeed in her job due to her age. Defendant denies that Plaintiff's termination and any other adverse actions against Plaintiff were not retaliatory due to age discrimination. Whether Plaintiff's termination based on lack of adequate performance or other alleged adverse treatment by Defendants and Mr. King can be construed as merely a pretext for retaliation or whether their acts or omissions were substantially motivated by retaliation, raises genuine questions of material fact to be

considered by a jury in this matter.

Accordingly, the court DENIES Defendant's motion for summary judgment, asking to dismiss Plaintiff's retaliation claims.

### B. *Genuine Issues of Fact Remain on Plaintiff's State Wage Claim*

RCW 49.52.040 states that if any such employer fails to pay any individual to whom any payment is due, the sum due may be collected by an action at law. Here, there is a dispute about whether or not Plaintiff should have been paid a week's worth of vacation time. It appears Plaintiff was paid for services until September 29, 2004. On September 29th, Plaintiff states she went to work, but before she entered the building she was met in the parking lot by Mr. Dave Grim, who informed her that he was told by the acting plant manager that she was being given five (5) days of vacation, starting that day. Defendant denies any wages owed for any vacation time.

### C. *Plaintiff's Motion For Reconsideration*

The court previously granted Defendant's motion for summary judgment, dismissing Plaintiff's age discrimination claim(s). Plaintiff asks the court to reconsider that decision. After reviewing the request, the court finds no reason to disturb the earlier ruling. Local Rule CR 7(h)(1) provides, "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." The local rule further provides that no response to the motion shall be filed unless requested by the court. Local Rule 7(h)(3). Plaintiff has not presented any new facts or law which persuade the court to change its decision. As noted above, the court found Defendants had presented sufficient evidence to prove Plaintiff was terminated from her job at Georgia Pacific for legitimate nondiscriminatory reasons and Plaintiff failed to introduce "specific, substantial evidence of pretext" sufficient to raise a genuine issue of material fact to preclude summary judgment and dismissal of the age discrimination claim(s). Plaintiff's motion for reconsideration is DENIED.

### **CONCLUSION**

Based on the foregoing, Defendants' motion for summary judgment on the remaining claims (retaliation and a state wage claim) are DENIED.   The parties are reminded that the pretrial order and motions in limine are to be filed and served no later than May 5, 2007.

Dated this 26th day of April, 2007.

>	*/s/ J. Kelley Arnold*
>	J. Kelley Arnold
>	U.S. Magistrate Judge